## John Weaver et al., Plffs. in Err., *v.* Margaret M. Painter.

A judgment note in favor of a married woman was delivered to her husband, who, without her knowledge or assent, altered the note by raising it $50, and afterward entered judgment on it for the increased amount. *Held,* that the debtor was not entitled to have the judgment set aside in its entirety. Opening the judgment to the extent of $50 was the utmost relief that could be claimed.

(Decided May 10, 1886.)

Error to the Common Pleas of Northumberland County to review a judgment discharging a rule to show cause why a judgment should not be stricken from the records. Affirmed.

NOTE.—Forged judgments will be stricken off on motion (Bower v. Altland, 8 York Legal Record, 137; Reeser v. Brenneman, 8 York Legal Record, 138); or judgments materially altered (Kocher v. Schoener, 6 Kulp, 41).

The facts are stated by ROCKEFELLER, J., in his opinion in the court below as follows:

I have come to the conclusion that there are no grounds disclosed by the evidence that would warrant the court in striking off this judgment. It is admitted by counsel for both parties "that the amount of money lent and advanced on the judgment by Margaret M. Painter, the plaintiff therein, was $800, by her check drawn March 5, 1884, on the Lewisburg National Bank, against her separate and individual account therein, to the order of Conrad Weaver, one of the defendants in the said judgment, and which said check, upon the indorsement of the said Conrad Weaver, was subsequently paid by the said bank to the said Conrad Weaver upon presentation, and thereupon charged by the said bank against the said separate account of the said Margaret M. Painter, of which the following is a true copy, *viz:*

No. —.                          Turbotville, Pa., 5th March, 1884.
    Lewisburg National Bank, Lewisburg, Pa.:
    Pay to the order of Conrad Weaver eight hundred, $\frac{00}{100}$ dollars.
    $800.                          Margaret M. Painter.
and indorsed "Conrad Weaver."

Mrs. Margaret M. Painter is, and was at the time of the execution of the judgment note in question and the giving of the check, a married woman, the wife of E. H. Painter, Esq. The evidence of both defendants shows that at the time they executed the note Mrs. Painter was not present and that it was delivered to her husband for her. There is no evidence on the part of the defendants that she ever saw the note or had it in her possession. It was entered by the prothonotary on the 6th. of March, the day after it was executed and delivered to Mr. Painter. It is contended by the defendants that when they signed it, it was for $800 only. The note shows on its face that the word "fifty" was interlined by Mr. Painter. That word is in the same handwriting and ink as the body of the note; that is, the same person who filled up the blank note wrote the word "fifty" with the same pen and ink.

This is all that appears so far as the evidence of the defendants is concerned. There is not the slightest evidence nor

is there any pretense that Mrs. Painter, the plaintiff, altered or changed the note, nor does the defendants' evidence show that she in any way procured, consented, or agreed to it. On this showing alone, if the plaintiff had taken no evidence, I am of opinion that she would be entitled to have the judgment remain on record and to collect the amount of money she actually loaned to the defendants, with interest.

The husband could not deprive her of her security by any fraudulent act of his own. But the evidence of Mrs. Painter and her husband, if true, clearly shows that it was an honest transaction. I am not to judge of the truth of the evidence as between these parties, but must determine whether, as the evidence stands, the judgment should be stricken off, or an issue formed to try the question in dispute.

Of course, if the alleged alteration in the note was made by the plaintiff, especially if not made in the presence of her husband or by his direction, or by any person authorized by her, after its execution and without the assent of the defendants, it is void. It is, however, as good and effectual in law as it was before the alteration, if it was done by a stranger or was done accidentally, through mistake. It is where the act is voluntary and wilful that it has been held that the alteration avoids the instrument. Neff v. Horner, 63 Pa. 327, 3 Am. Rep. 555.

The mere fact that Mrs. Painter only actually loaned defendants $800 would not make void a note given by them for $850. She could only recover the actual amount loaned, with interest. Now it seems to me that there is a principle of law to be applied in this case, in addition to the matter already alluded to. I admit that it is well settled that where a bond, deed, note, or any other instrument is offered with an interlineation or erasure that is material, it is a question for the jury on all the circumstances, whether the alteration was made before or after signature. In all the cases, however, it appears that a contest existed, and it became incumbent upon him who offered the instrument to explain the alteration to the satisfaction of the jury; in other words, where a party offers an instrument which upon its face shows such an interlineation or erasure as would be presumed to have been made after the instrument was executed, the burden of proof is upon him, and the question is for the determination of the jury. But where the interlinea-

tion or alteration is of such a character that it will be presumed that it was made before execution, then the instrument is entitled to be read, and it is for the other side to attack it.

The law as laid down by Mr. Greenleaf has been frequently cited and adopted by the supreme court of this state. In Greenleaf on Evidence, p. 977, § 564, it is said: "If it appears in the same handwriting and ink with the body of the instrument it may suffice,"—that is, it is relieved from the suspicion of having been altered after its execution.

In the case of Simpson v. Stackhouse, 9 Pa. 186, 49 Am. Dec. 554, Chief Justice GIBSON says: "As a general rule the law presumes, in favor of innocence, that an alteration in an instrument is a legitimate part of it, till the contrary appears; but it is not extended to negotiable securities." In that case there was a contest, the place of payment having been in a different handwriting from the body of the instrument. The judge says: "The difference in the character of the writing is obvious," etc.

In the case of Robinson v. Myers, 67 Pa. 9, Judge WILLIAMS, in delivering the opinion of the court, said: "If it appeared to be written with the same pen and ink as the body of the instrument, the natural inference would be that it was made before the sealing and delivery of the deed. But if it did not appear to be made with the same pen and ink, no such presumption would arise, and other evidence would be required to explain it. The original deed was not produced before us on the argument, and it was not shown by any evidence given on the trial whether the interlineation appeared to be written with the same pen and ink as the body of the deed or not; we cannot say, therefore, that the court erred in admitting it."

In the present case the original note is before the court; and, as I stated, it is manifest on its face that the interlineation was made with the same pen and ink and is in the handwriting of the same person who filled the body of the note. This is not disputed. There is no evidence on the part of the defendants to contradict it. This being so, how does the case stand? We have the note with the presumption that the alteration was made before the execution. The plaintiff and her husband both testify positively that the change or alteration was made before the execution by either of the defendants. On the other hand we have the two defendants testifying that the alteration was not made before or at the time they executed the note.

Thus we have oath against oath. The weight of the testimony, taking the presumption offered by the note, is in favor of its having been executed after the interlineation was made. This being all the evidence there is in the case on the side of the defendants, ought the court to send it to a jury? Why not apply the principle now so well settled in the case of Phillips v. Meily, 42 Phila. Leg. Int. 18, and other late cases? There it is held that "the uncorroborated testimony of a single witness contradicting a writing, which writing is corroborated by plaintiff's testimony, is not sufficient to overthrow the written contract."

In that case Judge PAXSON says: "Here, in addition to the plaintiff's oath, we have the presumptive evidence furnished by the note itself. Both are brushed away by the oath of the defendant. No chancellor would reform a writing upon such testimony as is here presented. . . . The learned judge should have withdrawn the case from the jury by a binding instruction to find for the plaintiff."

The interlineation in this case is made as interlineations are usually made. It is not a case of filling up a space left in blank intended to deceive or avoid detection. Mr. Painter interlined the word "fifty" in such a manner that everyone could see that it was interlined. His wife was perfectly innocent in the matter, took no part in it, and supposed all was right. Without her own and her husband's testimony there would be no evidence that she ever knew of the interlineation; and according to their evidence it was made before the note was signed. I think that justice requires that she should have her money. There was certainly no attempt to forge. We have not considered the rule of this court—requiring answers to petitions for rules to show cause, and that the facts alleged in the petition shall be taken as true unless the opposite party shall file an answer thereto, denying the same, under oath—as intended for anything more than to require the petitioner to support his allegations by evidence in case they are denied.

I think it would be well to adopt the Bucks county rule, which has received the approbation of the supreme court in Russell's Appeal, 93 Pa. 384.

Such is the practice in courts of equity and the orphans' court, but not in the common pleas, unless there is a rule of court.

And now, to wit: July 9, 1885, the rule to strike off the judgment is discharged, the plaintiff to have execution to collect the sum of $800 unpaid interest and attorney's commissions, in accordance with the terms and stipulations of the judgment note.

As to the $50 in dispute, if it was put in the note, by agreement of the parties, merely as a bonus or as usury, it cannot be collected; but if it was put in in good faith, before the execution of the note, solely to secure a debt due E. H. Painter the husband, for service rendered and expenses incurred in and about the business of the defendants, I do not at present see any reason why it cannot be collected, and if the parties demand an issue to try this question such issue will be directed. The judgment is opened, to the extent of $50.

Defendants brought error.

*A. D. Hower,* for plaintiffs in error.—The court fell into a grave error when it held that part of the note could stand and the other part be stricken off. The court must have been convinced that the $50 interlined and added to the note was put there improperly, or it would have allowed execution for the full sum of $850. The effect of this is to correct the note wherein it was unlawfully changed. This cannot be done by the court. If this judgment is fraudulent in part it is void in whole. Gates v. Johnston, 3 Pa. St. 52; Neff v. Horner, 63 Pa. 331, 3 Am. Rep. 555; Fulmer v. Seitz, 68 Pa. 242, 8 Am. Rep. 172; Craighead v. McLoney, 99 Pa. 214.

The effect of alterations of all written instruments is the same; and any material alteration, as in the date or sum of a note, avoids it, although not made by the plaintiff herself. Miller v. Gilleland, 19 Pa. 122; Stephens v. Graham, 7 Serg. & R. 508, 10 Am. Dec. 485; Barrington v. Bank of Washington, 14 Serg. & R. 425; Struthers v. Kendall, 41 Pa. 229, 80 Am. Dec. 610.

When the court was convinced that the $50 was wrongfully added to the note, its duty was plain under the law, and it should have vacated and stricken out this judgment, entered on the warrant of attorney. It had the power to do so and should have done so. See Kellogg v. Krauser, 14 Serg. & R. 143, 16 Am. Dec. 480; Hutchinson v. Ledlie, 36 Pa. 112; Banning v. Taylor, 24 Pa. 293; Knox v. Flack, 22 Pa. 337.

If the learned judge had any doubts in the facts, as to whether there was a forgery or unlawful interlineation and alteration or not, from the inspection of the face of the note and from the evidence taken for and against the rule to show why the judgment and execution in this case should not be set aside and why they should not be stricken from the records of said court, his duty was plain under the laws governing such cases. The court should have awarded an issue to try the fact of forgery and interlineation and unlawful changing of the note. This was not only its power but its duty in such cases. Humphreys v. Rawn, 8 Watts, 78; Lanning v. Pawson, 38 Pa. 480; Horner v. Hower, 39 Pa. 128; McCutcheon v. Allen, 96 Pa. 323.

*William A. Sober,* for defendant in error.—In Neil v. Tate, 27 Pa. 208, it was held: "The refusal of the common pleas to set aside an execution is not the subject of review on a writ of error, when there is nothing on the record to show irregularity." In Bemus v. Clark, 29 Pa. 251, it was held: "The common pleas may set aside an award, under the compulsory arbitration law, for misbehavior, or when the award has been procured by corruption or undue means; but a refusal to do so is not the subject of a writ of error." See also Keemer v. Herr, 2 Pennyp. 175; Bunce v. Wightman, 29 Pa. 335; Henry v. Brothers, 48 Pa. 70; Riegel v. Wilson, 60 Pa. 388; McClelland v. Pomeroy, 75 Pa. 410; Hatch v. Stitt, 66 Pa. 264.

The alteration was made in ink of the same color and with the same pen. Hence the presumption that it was before signature, at least to the extent that it would be entitled to be read in evidence. 1 Greenl. Ev. p. 977, § 564; Robinson v. Myers, 67 Pa. 9.

Now the alteration or interlineation in question, whenever made, was not made by the defendant in error, nor by anyone by her consent or procurement, nor in her interest nor for her benefit. It was *ultra vires* as to the terms of her contract or agreement to lend her money and the conditions thereof. Although in fact made by her husband, it was upon the terms and conditions of a separate and independent contract to which she was in fact and in law a stranger. Robertson v. Hay, 91 Pa. 242; 1 Greenl. Ev. 12th ed. 607, § 566; Worrall v. Gheen, 39 Pa. 388; Fritz v. Montgomery County, 17 Pa. 131; Neff v.

Horner, 63 Pa. 327, 3 Am. Rep. 555; Withers v. Atkinson, 1 Watts, 236; Grubbs v. McDonald, 91 Pa. 236; Kountz v. Kennedy, 63 Pa. 187, 3 Am. Rep. 541; Pauli v. Com. 89 Pa. 432; Foust v. Renno, 8 Pa. 378.

Nor are the acts or declarations of the husband to bind or prejudice the rights and separate estate of the wife. See Gerhab v. Ruth, 2 Pennyp. 250.

Nor are the declarations of the wife admissible in evidence against the husband. Peck v. Ward, 18 Pa. 506.

If the alteration in question had been made, even after signature, by the husband of the defendant in error, or by her consent procured by the influence of her husband, in his presence or by his command, her separate interests and estate could not be prejudiced thereby, nor the judgment avoided to the extent it was to protect and secure such separate interests or estate of the wife. United States Trust Co. v. Sedgwick, 97 U. S. 304, 24 L. ed. 954, citing Chancellor KENT, 2 Com. 12th ed. 149; Kowing v. Manly, 49 N. Y. 192, 10 Am. Rep. 346; 2 Cord, Married Women, §§ 1156, 1157; 2 Bishop, Married Women, § 263.

Where the fraud is directly within the alleged contract of the wife, the wife is not responsible, nor is the husband. 2 Cord, Married Women, § 1158, citing Goulding v. Davidson, 26 N. Y. 604; Scudder v. Gori, 3 Robt. 661; Angel v. Felton, 8 Johns. 149; Wright v. Kerr, Addison (Pa.) 13.

A wife having no power at law to enter into a contract of agency with her husband, it would seem that she cannot be made liable for his fraud while assuming to act for her in that capacity. Birdseye v. Flint, 3 Barb. 500.

PER CURIAM:

There was clearly no error in refusing to strike from the record a judgment regular on its face. Under the evidence, the opening of the judgment to the extent of $50, the sum in dispute, is certainly quite as much relief as the plaintiffs in error are entitled to in equity.

Judgment affirmed.